FILED IN DISTRICT COURT
OKLAHOMA COUNTY

FEB 1 6 2017

RICK WARREN
COURT CLERK
89._____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

CONSTANCE HANSCOM,                    )
                                      )
              Plaintiff,              )
                                      )
v.                                    )       Case No.
                                      )
USAA CASUALTY INSURANCE               )       CJ-2017- 871
COMPANY,                              )
                                      )
              Defendant.              )

## PETITION

Plaintiff, Constance Hanscom ("Plaintiff"), for her cause of action against Defendant,

USAA Casualty Insurance Company ("Defendant"), states as follows:

1. Plaintiff is a resident of Oklahoma City, Oklahoma County, Oklahoma.

2. Defendant is a corporation incorporated under the laws of the state of Texas, with its

   principal place of business in San Antonio, Texas.

3. Plaintiff contacted Defendant's agent about switching her vehicle insurance.

4. Defendant's agent represented through conversations it understood and was familiar

   with Plaintiff's current coverages with her then insurance company and would offer

   the same.

5. Plaintiff relied upon the representations and entered into a contract of insurance with

   Defendant to provide coverage for her vehicles. Plaintiff trusted and believed

   Defendant's agent had the requisite insurance agent skills and expertise to properly

   procure the same insurance coverages.

**EXHIBIT 1**

6. Thereafter, Plaintiff purchased the policy of insurance directly through Defendant. Defendant issued an automobile insurance policy to Plaintiff, No. 040444394C71017, with dates of coverage from May 4, 2016, to November 4, 2016. The insured vehicles were a 2013 Kia Soul SW (VIN ending in 71226) and a 1994 Ford F-150 (VIN ending in 32688).

7. On or about September 20, 2016, Plaintiff submitted a claim to Defendant for an auto accident where she rear-ended another vehicle. Defendant has denied coverage for the accident, citing lack of collision and comprehensive coverage under the policy issued.

### First Cause of Action: Breach of Contract

8. Plaintiff adopts and re-pleads paragraphs 1-7, above, and further alleges as follows:

9. Plaintiff entered into a contract for insurance with Defendant to provide coverage for her vehicles, including the promised collision and comprehensive coverage.

10. At all times material, the policy of insurance, No. 040444394C71017, was in full force and effect.

11. Plaintiff provided timely and proper notice of her property damage claim from the September 20, 2016 accident.

12. Defendant has breached its promised contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits owed.

13. As a result of Defendant's conduct, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of $75,000.00, exclusive of attorney's fees, costs, and interest.

14. The conduct of Defendant was intentional, willful, malicious and in reckless disregard for the rights of Plaintiff, and is sufficiently egregious in nature as to warrant the imposition of punitive damages.

### Second Cause of Action:  Negligence in the Procurement of Insurance

15. Plaintiff adopts and re-pleads paragraphs 1-14, above, and further alleges as follows:

16. Plaintiff elected to purchase coverage through USAA because she could obtain the same coverage as she had previously with another company at a lower cost.

17. At the time Plaintiff procured coverage from USAA, her existing policy contained the following coverages: bodily injury liability; property damage liability; collision; comprehensive.  In her discussions with USAA, she indicated she wanted the same coverages. USAA advised Plaintiff that they were aware of her present coverages and that she would have the same coverages under her USAA policy.

18. Plaintiff relied upon Defendant's representations and purchased an insurance policy with Defendant.

19. Defendant owed Plaintiff a duty to act in good faith and to exercise reasonable care, skill, and diligence in the procurement of insurance for Plaintiff, and in notifying Plaintiff of her available insurance coverage options.

20. Defendant had a duty to inform Plaintiff of all coverages, benefits, limitations, and exclusions in the coverage procured.

3

21. Defendant breached its duty owed to Plaintiff and is liable to Plaintiff because the insurance requested by Plaintiff was not procured as promised and Plaintiff suffered a loss.

22. Defendant breached its duty to Plaintiff by procuring an auto insurance policy which did not accurately reflect the representations and did not contain comprehensive or collision coverage, which caused Plaintiff to suffer damages resulting from an automobile accident.

23. Defendant was negligent and breached its duty owed to Plaintiff by failing to inform Plaintiff of the limitations of the policy it procured for Plaintiff.

24. Defendant was negligent and breached its duty to Plaintiff by failing to monitor and/or review the policy it procured for Plaintiff to ensure it provided appropriate and adequate coverage as promised.

25. Plaintiff reasonably believed the policy of insurance procured and maintained by Defendant conformed to her agreement with Defendant.

26. Plaintiff relied on Defendant to procure and maintain appropriate and adequate coverage.  Defendant knew, or should have known, Plaintiff relied on it to procure appropriate and adequate coverage, and it was foreseeable that the failure to procure appropriate and adequate coverage for Plaintiff could unnecessarily expose Plaintiff to significant harm, loss, and damages.

27. As a result of Defendant's conduct, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of $75,000.00, exclusive of attorney's fees, costs, and interest.

28. The conduct of Defendant was intentional, willful, malicious and in reckless disregard for the rights of Plaintiff, and is sufficiently egregious in nature as to warrant the imposition of punitive damages.

### *Third Cause of Action: Breach of the Duty of Good Faith & Fair Dealing*

29. Plaintiff adopts and re-pleads paragraphs 1-28, above, and further alleges:

30. Defendant owed a duty to Plaintiff to deal fairly and in good faith.

31. Defendant breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

    a.  Misrepresenting to Plaintiff the coverages to be included in her policy;

    b.  Misrepresenting to Plaintiff the coverages for which she was paying;

    c.  Failure to procure the requested insurance coverage for Plaintiff;

    d.  Failure to procure the promised insurance coverage for Plaintiff;

    e.  Failing to pay the full and fair amount for the property damage sustained by Plaintiff during the September 20, 2016 accident;

    f.  Forcing Plaintiff to obtain legal counsel to recover insurance benefits entitled to under the promised terms and conditions of the insurance contract;

    g.  Purposefully, wrongfully and repeatedly withholding the insurance proceeds due and owing to Plaintiff under the promised terms and conditions of the contract in violation of the Unfair Claims Settlement Practices Act, 36 O.S. §1250.5;

32. Defendant's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code.  Defendant's failure to implement and/or follow Oklahoma's statutory Insurance Code constitutes bad faith.

33. The conduct of Defendant, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

34. As a direct and proximate result of Defendant's bad faith, Plaintiff's claim was unnecessarily denied. Said actions resulted in additional profits and financial windfall for Defendant.

35. As a result of Defendant's conduct, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of $75,000.00, exclusive of attorney's fees, costs, and interest.

36. Defendant's conduct was intentional, willful, malicious, and in reckless disregard of Plaintiff's rights, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

37. Plaintiff further alleges Defendant enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described herein, which resulted in the injury to Plaintiff.

*Fourth Cause of Action: Constructive Fraud and Negligent Misrepresentation*

38. Plaintiff adopts and re-pleads paragraphs 1-37 above, and further alleges:

39. Defendant had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiff of insurance coverage options. Defendant breached this duty by misrepresenting to Plaintiff as follows:

    a. Declaring that her coverages would be the same as she currently had with Farmers;

b.  The insurance coverage procured was the same as the coverage on her prior policy;

c.  The amount of coverage procured, and for which premiums were paid, would include comprehensive and collision coverage.

40. Plaintiff relied on the above-referenced representations of Defendant in purchasing her policy of insurance with USAA.

41. Defendant's misrepresentations constitute constructive fraud.

42. Plaintiff was induced to accept and purchase the USAA auto policy by Defendant's misrepresentations and constructive fraud.

43. Plaintiff was misled by Defendant's misrepresentations and constructive fraud.

44. As a result of Defendant's constructive fraud and misrepresentations, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of $75,000.00, exclusive of attorney fees, costs, and interest. Plaintiff is further entitled to reformation of the insurance contract to provide coverage consistent with Defendant's misrepresentations to include collision and comprehensive coverage.

45. The conduct of Defendant was intentional, willful, malicious and in reckless disregard for the rights of Plaintiff, and/or was grossly negligent, and is sufficiently egregious in nature as to warrant the imposition of punitive damages.

### *Fifth Cause of Action: Negligence*

46. Plaintiff adopts and re-pleads paragraphs 1-45, above, and further alleges:

7

47. Defendant owed a duty to Plaintiff to exercise good faith, reasonable care, skill, and expertise in the underwriting analysis to ensure the insurance policy provided appropriate, adequate, and the requested coverage.

48. The conduct and inconsistencies referenced herein also violate Defendant's duties of good faith dealing implicit in the contract of insurance with Plaintiff.

49. Defendant's duties and obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code.  Defendant's negligence in failing to implement and/or follow Oklahoma's Insurance Code also constitutes bad faith. Defendant's conduct referenced herein constitutes both negligence and a breach of the duty of good faith and fair dealing.

50. Defendant's negligent failure to procure the proper insurance product morally and legally requires it be held to a duty of reasonable care, and that the burden of the resulting liability for the breach of this duty be imposed upon it.  This duty exists due to the foreseeability of the harm to Plaintiff which could occur as a result of its negligence in failing to underwrite or procure the adequate, appropriate, and requested insurance; the negligent procurement of inadequate and improper insurance is the direct cause of the harm and injury suffered by Plaintiff; and the moral blame for the negligent failure to procure and underwrite the correct policy lies with Defendant.  Further, the burden on Defendant of imposing a duty to exercise care in the procurement and underwriting of the correct policy for the needs of the insured (with resulting liability for breach) is minimal, given the expertise of Defendant and its

representations that they are experts in the field of providing insurance coverage to the general public (such as Plaintiff).

51. As a result of Defendant's negligent conduct, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of $75,000.00, exclusive of attorney's fees, costs, and interest.

52. The conduct of Defendant was intentional, willful, malicious, and in reckless disregard for the rights of Plaintiff and/or was grossly negligent, and is sufficiently egregious in nature as to warrant the imposition of punitive damages.

### *Prayer for Relief*

WHEREFORE, premises considered, Plaintiff prays for judgment in her favor and against Defendant, USAA, for:

a)  Payment for all contractual benefits for all coverages promised to Plaintiff under the policy of insurance for damage to her vehicle in a collision on September 20, 2016, with interest on all amounts due;

b)  Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c)  Disgorgement of the increased financial benefits derived by Defendant as a result of its wrongful conduct;

d)  Actual and punitive damages, each in an amount in excess of $75,000.00;

e)  Pre-judgment interest, costs, and attorney's fees; and

f)  Any other relief the Court deems just and equitable.

Respectfully submitted,

Jason Waddell, OBA No. 30761
Jason Waddell, PLLC
222 NW 13th Street
Oklahoma City, OK  73103
Telephone:   (405) 232-5291
Facsimile:     (405) 708-7871
Jason@JasonWaddellLaw.com
**ATTORNEY FOR PLAINTIFF**

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**